# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JAGMEET SOIN, *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-2766 |
| | § | |
| JPMORGAN CHASE BANK, *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiffs' Motion to Remand [Doc. # 6], to which Defendants JPMorgan Chase Bank, N.A. ("Chase") and Wells Fargo Bank, N.A. ("Wells Fargo") filed a Response [Doc. # 7]. Non-diverse Defendant Reliant Mortgage Ltd. ("Reliant") has not appeared and there is no indication in the record that it has been served. Having considered the full record and relevant legal authorities, the Court cannot conclude at this time that non-diverse Defendant Reliant was improperly joined. As a result, absent subject matter jurisdiction over this dispute, the Court **grants** the Motion to Remand.

## I.  BACKGROUND

Plaintiffs are citizens of the state of Texas. Reliant is a citizen of Texas, Chase is a citizen of Ohio, and Wells Fargo is a citizen of South Dakota.

Plaintiffs filed this lawsuit in Texas state court seeking a declaratory judgment that their home equity loan is void. In the Texas lawsuit, Plaintiffs also asserted causes of action against Reliant – but not against Chase or Wells Fargo – for fraud, negligent misrepresentation, and breach of § 27.001 of the Texas Business and Commerce Code based on alleged improprieties by Reliant during the loan origination in September 2006.

On September 14, 2012, Defendants removed this case alleging federal subject matter jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. Defendants asserted that non-diverse Defendant Reliant had been improperly joined and, as a result, its Texas citizenship should not be considered for diversity jurisdiction purposes. Plaintiffs filed a timely Motion to Remand, which is now ripe for decision.

## II. **LEGAL STANDARDS**

"'Federal courts are courts of limited jurisdiction.'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "'They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.'" *Rasul*, 542 U.S. at 489 (quoting *Kokkonen*, 511 U.S. at 377

(citations omitted)).  The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."  *Howery*, 243 F.3d at 916 (citing *Kokkonen*, 511 U.S. at 377); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005).

Defendants assert that Reliant was improperly joined and, as a result, the Court should disregard its Texas citizenship for purposes of diversity jurisdiction.  A non-diverse defendant may be found to be improperly joined if either there is "actual fraud in the plaintiff's pleading of jurisdictional facts" or if the removing defendant demonstrates that the plaintiff cannot establish a cause of action against the non-diverse defendant.  *See Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009) (citing *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007)).  There is no allegation of actual fraud in Plaintiffs' pleading of the jurisdictional facts in this case.

The test under the second alternative "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."  *Id.* (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*)).  The party asserting improper joinder bears a heavy burden of

persuasion. *Id.* at 514. "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). If the assertion of improper joinder is based on the existence of an affirmative defense and there is any possibility the plaintiff might survive that affirmative defense, there is no improper joinder and the case must be remanded to state court. *See Parkway Imaging Ctr., Inc. v. Home Life Fin. Assurance Corp.*, 198 F.3d 240, 1999 WL 824441, *6 (5th Cir. Sept. 27, 1999) (citing *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 753 (5th Cir. 1996)).

### III.  ANALYSIS

In response to Plaintiffs' Motion to Remand, Defendants argue that Reliant was improperly joined because the claims against it are barred by the applicable statutes of limitations. The expiration of the statute of limitations is an affirmative defense. *See id.* The affirmative defense is waived if not asserted by the defendant against whom the statute has run. *See Byers v. J.P. Morgan Chase Bank, N.A.*, 2012 WL 5494927, *2 (N.D. Tex. May 17, 2012) (citing *Frazier v. Havens*, 102 S.W.3d 406, 411 (Tex. App. – Houston [14th Dist.] 2003, no pet.)). "A defendant asserting the affirmative defense of limitations bears the burden of conclusively establishing the defense." *Id.* (citing *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517 (Tex. 1988)).

In this case, Reliant has not asserted the affirmative defense of the statute of limitations. As a result, there remains the possibility that Reliant may waive the defense – intentionally or inadvertently – and thereby allow Plaintiffs to prevail on their state law claims against the non-diverse defendant. *See id.* at *3; *Rogers-Gamble v. Wyeth*, 2003 WL 21788871, *2 (N.D. Tex. July 31, 2003); *see also Greene v. Wyeth*, 344 F. Supp. 2d 674, 682 (D. Nev. 2004); *Charles v. ADT Sec. Servs.*, 2009 WL 5184454, *4 (C.D. Cal. Dec. 21, 2009); *Peterson v. Concentra, Inc.*, 2007 WL 1459826, *2 (E.D. Mo. May 16, 2007); *Hodge v. Wyeth*, Civil Action No. 2:02-271 (Jack, J.).[1] Because this possibility exists, Defendants have failed to demonstrate that Reliant was improperly joined.

The Court notes that when a case as stated in the initial pleading is not removable, a notice of removal may be filed within thirty (30) days after receipt by the defendant of a copy of an order or other paper from which it becomes apparent that the case has become removable. *See* 28 U.S.C. § 1446(b)(3). Consequently, it may be that removal of this case was merely premature.[2]

---

[1] Courts in other districts have allowed a diverse defendant to raise the statute of limitations issue on behalf of an absent non-diverse defendant for purposes of the improper joinder analysis. *See, e.g., Bullock v. United Ben. Ins. Co.*, 165 F. Supp. 2d 1255, 1258 (M.D. Ala. 2001); *Moseley v. Wyeth*, 2002 WL 32991341, *2 n.6 (W.D. Okla. Sept. 13, 2002).

[2] Plaintiffs filed this lawsuit on July 31, 2012. The case may not be removed more than
(continued...)

## IV.     CONCLUSION AND ORDER

Based on the foregoing, Defendants have failed to establish at this stage that there is no possibility that Plaintiff could recover in state court against non-diverse Defendant Reliant.  As a result, Reliant was not improperly joined and the Court must consider its Texas citizenship.  Because Plaintiff and Reliant are both Texas citizens, there is no complete diversity in this case.  Accordingly, the Court lacks subject matter jurisdiction, and it is hereby

**ORDERED** that Plaintiff's Motion to Remand [Doc. # 6] is **GRANTED**.

The Court will issue a separate Remand Order.

SIGNED at Houston, Texas, this 29th day of **November, 2012**.

_____
Nancy F. Atlas
United States District Judge

---

[2]     (...continued)
one year thereafter "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."  28 U.S.C. § 1446(c)(1).